# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **CHASIETY LANGHAMMER, as Administrator of the Estate of Richard Langhammer, deceased,**<br><br>    Plaintiff,<br><br>v.<br><br>**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**<br><br>    Defendant. | Civil Action No. __3:17CV-771-CRS__ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 17-CI-006245, where it is currently pending, to the United States District Court for the Western District of Kentucky, Louisville Division. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Hartford invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

1.  Plaintiff Chasiety Langhammer ("Plaintiff"), as Administrator of the

Estate of Richard Langhammer, instituted a civil action against Hartford in the Circuit Court of Jefferson County, Kentucky, on November 22, 2017. True and correct copies of all of the pleadings, process, and orders in the Circuit Court action are attached hereto collectively as Exhibit A ("Ex. A"). No further proceedings involving Hartford have occurred in the state court action.

2. Plaintiff's Complaint was served on CT Corporation, as service-of-process agent for Hartford, on November 27, 2017. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under ERISA.

4. The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5. In her Complaint, Plaintiff alleges that she is the administrator of the Estate of Richard Langhammer (the "Decedent") and the purported beneficiary of

accidental death and dismemberment ("AD&D") benefits under a "contract of insurance," issued by Hartford. Ex. A, Compl. at ¶¶ 1 and 4.

6. The "contract of insurance" to which Plaintiff's Complaint refers is Group Policy No. GL – 402919 (the "Policy") which was issued by Hartford to Decedent's former employer, Metalsa Structural Products, Inc. ("Metalsa") to insure, in part, the AD&D component of Metalsa's employee welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. A true and correct copy of the Policy and Certificate of Insurance is attached hereto as Exhibit B ("Ex. B"). The Policy includes additional information expressly referencing ERISA and providing a statement of participant's rights under ERISA. *See* Ex. B at pp. 137 – 144.

7. As an employee of Metalsa, Decedent was a participant in the Plan. Following Decedent's death, Plaintiff alleges that she sought AD&D benefits under the Policy, which Hartford denied. *See* Ex. A, Compl. at ¶¶ 5-7. Hartford's initial denial letter, dated September 14, 2017, acknowledges that the Policy under which Plaintiff seeks benefits is governed by ERISA. A true and correct copy of the September 14, 2017 letter is attached hereto as Exhibit C ("Ex C"). In connection with Hartford's alleged wrongful denial, Plaintiff asserts a claim for breach of contract and seeks payment of the Policy's AD&D proceeds, compensatory damage, interest, and attorneys' fees. Ex. A, Compl. at ¶¶ 7 – 9 and

3

"WHEREFORE" clause at p. 2.

8. Although Plaintiff's claims are couched in the language of a state law contract action, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the United States Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64 (citation omitted). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character

4

by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id*. at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

9. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as her Complaint alleges a claim for breach of contract based on Hartford's alleged wrongful denial of benefits under the Policy and seeks to recover Policy benefits. *See* Ex. A, Compl. at ¶¶ 7 – 9.

10. For the foregoing reasons, Plaintiff's lawsuit seeks to recover benefits and enforce rights under an ERISA-governed plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

11. A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

12. Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

13. This Notice of Removal is filed within thirty (30) days after receipt by Hartford of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

16. If any question arises as to the propriety of this removal, Hartford respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this 21st day of December 2017.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Grace R. Murphy
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

[applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000
wwahlheim@maynardcooper.com
gmurphy@maynardcooper.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 21st day of December 2017:

Timothy R. McCarthy
Nutt Law Office
461 South Fourth Avenue, Suite 550
Louisville, Kentucky 40202
(502) 589-0635
Tim@nuttlaw.com
*Counsel for Plaintiff*

                                          */s/ William B. Wahlheim, Jr.*
                                          OF COUNSEL