UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHASIETY LANGHAMMER,
as administrator of the Estate of
Richard Langhammer, deceased                                    PLAINTIFF


v.                                          CIVIL ACTION NO. 3:17-CV-771-CRS


HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the Defendant, Hartford Life and Accident Insurance Company ("Hartford"), to dismiss the Plaintiff's state law claims pursuant to Fed.R.Civ.P. 12(b)(6) and to strike the Plaintiff's jury demand under Fed.R.Civ.P 12(f) and 39(1)(2). DN 5. Also before the court is the motion of Plaintiff, Chasiety Langhammer, as administrator of the Estate of Richard Langhammer, to file an amended complaint, presumably pursuant to Fed.R.Civ.P. 15(a)(2). DN 10.

For the reasons stated, the court will **GRANT** the Plaintiff's motion for leave to file an amended complaint as unopposed. The court will **DENY AS MOOT** the Defendant's motion.

## I.    DISCUSSION

### 1. The Plaintiff's motion for leave to file an amended complaint

A court should freely grant leave to amend a pleading when justice so requires. Fed.R.Civ.P. 15(a)(2). A district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  There is no evidence of any such reason to deny the present motion. Therefore, the Plaintiff's motion for leave to file an amended complaint will be granted.

    2.   <u>The Defendant's motion to dismiss the Plaintiff's state law claims and strike the Plaintiff's jury demand</u>

Hartford filed a motion to dismiss the Plaintiff's state law claims and strike the Plaintiff's jury demand on the basis of complete preemption by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001, *et seq*.  Hartford contends that the Plaintiff's Complaint (DN 1-2) alleges common law breach of contract for the denial of benefits, which is subject to complete preemption under ERISA.  *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (finding that breach of contract and bad faith claims arising out of a failure to provide benefits under the insurance contract are preempted by ERISA).  Further, Hartford moves to strike the demand for a jury trial, as plaintiffs are not entitled to jury trials under ERISA.  *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir.1990) (holding that an ERISA claim is equitable in nature and thus not eligible for a jury trial.).

Though opposing Hartford's motion, the Plaintiff contemporaneously filed a motion for leave to file an amended complaint and tendered a proposed amended complaint (DN 10).  The Plaintiff's proposed amended complaint specifies that her claim is brought pursuant to ERISA and does not demand a jury trial.  The proposed amended complaint renders Hartford's motion moot.  Therefore, Hartford's motion to dismiss the Plaintiff's state law claims and strike the Plaintiff's jury demand (DN 5) will be denied as moot.

## II.    CONCLUSION

For the reasons set forth above, the court will **GRANT** Plaintiff's motion to file a first amended complaint (DN 10).  As such, the court will **DENY AS MOOT** the Defendant's motion to dismiss the Plaintiff's state law claims and strike the Plaintiff's jury demand (DN 5).

An order will be entered in accordance with this opinion.

April 4, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**